MICHAEL E. KIRBY, Judge.
 

 | plaintiffs, Calvin and Sharon Rucker, appeal the trial court judgment granting
 
 *1019
 
 summary judgment in favor of defendant, Caterpillar, Inc. Caterpillar filed an answer to the appeal, seeking damages for frivolous appeal.
 

 On June 28, 2007, Calvin Rucker was severely injured as a result of an accident that occurred at his place of employment, Crescent Environmental Services, in New Orleans. On that date, Ismael Bailey, an employee of Temps Today, Inc. and/or Temps Today Staffing, Inc., was operating a Caterpillar excavator, moving debris and trash in the yard of Crescent Environmental Services, Inc. Plaintiffs allege that Mr. Bailey swung the excavator boom, which struck Mr. Rucker and knocked him to the ground. Mr. Bailey then dropped the excavator bucket on Mr. Rucker’s leg and contracted the forward end of the arm/ boom and bucket, allowing the bucket to engage in a scooping procedure. The result was the traumatic amputation of one of Mr. Rucker’s legs.
 

 Plaintiffs filed this lawsuit, originally naming Mr. Bailey, Temps Today, Inc., and Temps Today Staffing, Inc. as defendants. A petition of intervention was 1 yfiled by LEMIC
 

 [1]
 

 \
 
 the workers’ compensation insurer for Crescent Environmental Services, against plaintiff, Calvin Rucker, and the three defendants named in plaintiffs’ original petition. Plaintiffs subsequently amended their petition to add as defendants Scottsdale Insurance Company, the insurer of Mr. Bailey, Temps Today, Inc. and Temps Today Staffing, Inc., and Caterpillar, Inc., the designer, manufacturer and distributor of the excavator operated by Mr. Bailey at the time of the accident.
 

 Temps Today, Inc., Temps Today Staffing, Inc., Scottsdale Insurance Company and Caterpillar, Inc. filed answers to plaintiffs’ petitions. Mr. Bailey has not yet filed an answer, but filed a declinatory exception of insufficiency of service of process. The record before us does not include the trial court’s ruling on Mr. Bailey’s exception.
 

 Several months after the filing of Mr. Bailey’s exception, Caterpillar filed a motion for summary judgment requesting dismissal of plaintiffs’ claims against it. In addition to serving plaintiffs with this motion, Caterpillar also served LEMIC and all defendants except Mr. Bailey. It is undisputed that Mr. Bailey’s exception of insufficiency of service of process was still pending at the time of the filing of Caterpillar’s motion for summary judgment. Plaintiffs filed an opposition to the motion for summary judgment, and a motion for summary judgment dismissing the allegations of Temps Today, Temps Today Staffing and Scottsdale Insurance relating to third party fault of Caterpillar. Plaintiffs also filed a motion to strike the |sdefense of third party fault of Caterpillar, and, alternatively, a motion to continue the hearing of Caterpillar’s motion for summary judgment arguing that it was premature for resolution until such time as Mr. Bailey filed an answer to plaintiffs’ lawsuit.
 

 Following a hearing, the trial court rendered judgment granting Caterpillar’s motion for summary judgment, and dismissing with prejudice all claims of plaintiffs and LEMIC against Caterpillar. The main issue in this appeal concerns an additional sentence in the trial court judgment that reads, “[i]t is further ORDERED that the Motion for Summary Judgment is granted without prejudice to any rights which defendant Ismael (or Ishmael) Bailey may have and which he my [sic] attempt to assert if he makes an appearance in this lawsuit.”
 

 
 *1020
 
 Before we address plaintiffs’ arguments on appeal, we note that Caterpillar correctly states in its appeal brief that plaintiffs’ brief does not include an assignment of error or argument on the issue of Caterpillar’s entitlement to summary judgment against plaintiffs and dismissal of plaintiffs’ claims against it. Therefore, plaintiffs have waived any argument as to the correctness of the trial court’s dismissal of plaintiffs’ claims against Caterpillar with prejudice.
 
 See Uniform
 
 Rules—
 
 Courts of Appeal, Rule 2.12-4,.
 

 On appeal, the plaintiffs argue that the trial court erred in allowing Mr. Bailey the right, if he makes an appearance in this lawsuit, to plead fault on the part of Caterpillar as a defense to plaintiffs’ claims against him. Alternatively, plaintiffs argue that the trial court should have granted their motion to continue the shearing on Caterpillar’s motion for summary judgment based on their contention that it was premature for consideration.
 

 We find no merit in plaintiffs’ argument that Caterpillar’s motion for summary judgment was premature and should not have been considered by the trial court for that reason. La. C.C.P. article 966(A)(1) states that a defendant’s motion for summary judgment can be made at any time, and article 966(C)(1) states that a motion for summary judgment that shows that there is no genuine issue of material fact shall be granted “[ajfter adequate discovery or after a case is set for trial.” Plaintiffs argue that it was unfair for the trial court to hear Caterpillar’s motion for summary judgment because plaintiffs have not had the opportunity to depose Mr. Bailey and because Caterpillar did not “fully respond” to its discovery requests.
 
 [2]
 

 This Court has previously held that a summary judgment proceeding was not premature in a situation where some defendants, who apparently could not be served, had not answered the petition at the time the motion for summary judgment was filed.
 
 See Ladner v. Thomas,
 
 487 So.2d 544 (La.App. 4 Cir.1986). Furthermore, there is no requirement that discovery be completed before a motion for summary judgment is filed or heard.
 
 Bourgeois v. Curry,
 
 2005-0211, p. 10 (La.App. 4 Cir. 12/14/05), 921 So.2d 1001, 1008. Plaintiffs had a fair opportunity to conduct discovery in this case prior to the hearing on the motion for summary judgment. The original petition was filed on October 4, 2007, Caterpillar was | sadded as a defendant on June 27, 2008 and the hearing on the motion for summary judgment was held on May 8, 2009. The record shows that a substantial amount of discovery had taken place by the time the motion for summary judgment was heard. Several depositions had been taken, including that of Mr. Rucker, and Caterpillar had responded to plaintiffs’ requests for production of documents. Plaintiffs have not shown that the trial court erred in not continuing the hearing on Caterpillar’s motion for summary judgment.
 

 Plaintiffs’ main argument in this case is that the trial court erred in ruling that the summary judgment granted in favor of Caterpillar was without prejudice as to the rights of Mr. Bailey if he makes an appearance in this lawsuit. Plaintiffs cite the Third Circuit case of
 
 Bowie v. Young,
 
 2001-0715 (La.App. 3 Cir. 3/20/02), 813 So.2d 562, and the First Circuit case of
 
 Duzon v. Stallworth,
 
 2001-1187 (La.App. 1 Cir. 12/11/02), 866 So.2d 837, in support of
 
 *1021
 
 their argument that once a defendant has been dismissed by summary judgment, evidence of that party’s negligence cannot be argued by remaining defendants for the purpose of allocation of fault. We find that these cases are distinguishable from the instant case in that they did not involve a named defendant who had not yet made an appearance in the lawsuit at the time the dismissed defendant was granted summary judgment.
 

 At the time the summary judgment in this case was heard, Mr. Bailey had not answered the lawsuit because his exception of insufficiency of service of process was still pending in the trial court. Because of that fact, the summary judgment proceeding between plaintiffs and Caterpillar had no effect on Mr. | (¡Bailey’s rights in this case. If Mr. Bailey makes an appearance in this lawsuit, his rights will not be diminished by the fact that Caterpillar’s motion for summary judgment proceeding occurred prior to his appearance.
 

 Although we find no merit in plaintiffs’ argument that the trial court should not have reserved unto Mr. Bailey the right to plead Caterpillar’s fault as a defense in the future, we find that the judgment must be amended to more accurately state Mr. Bailey’s rights in this case, should he make an appearance. Accordingly, we will amend the trial court judgment to delete the last sentence of the judgment, which states, “It is further ORDERED that the Motion for Summary Judgment is granted without prejudice to any rights which defendant Ismael (or Ishmael) Bailey may have and which he my [sic] attempt to assert if he makes an appearance in this lawsuit.” We substitute in its place the following sentence: “This judgment is rendered reserving unto defendant Ismael (or Ishmael) Bailey any rights he may have against any person.” In all other respects, the judgment is affirmed. Regarding Caterpillar’s answer to the appeal, we find no merit in the argument that plaintiffs’ appeal is frivolous.
 

 AMENDED, AND AS AMENDED, AFFIRMED.
 

 [1]
 

 . The acronym LEMIC is used by intervenors without further explanation. We assume, through our search of other cases, that LEM-IC stands for Louisiana Employers-Managed Insurance Company.
 

 [2]
 

 . Caterpillar filed its responses to plaintiffs' request for production of documents on the same date that it filed the motion for summary judgment. Plaintiffs did not file a motion to compel against Caterpillar in the 2½ months between the filing of Caterpillar’s responses and the hearing on the motion for summary judgment.